Daniel H. Kent *v.* Mayor and Council of the City of Wilmington.

*Municipal Corporation—Care of Streets—Diligence.*

It is the duty of an incorporated city to keep its streets in a good and safe passable condition; and in regard to the work in relation to said streets the same degree of diligence is required as a good business man would show under like circumstances.

(<em>New Castle, December 3, 1886.</em>)

Action on the case for damages sustained on Fourth street

in the City of Wilmington by reason of it being left in such bad
condition after putting in a pipe and filling up the excavation, that
a pair of the plaintiff's horses and his double carriage were seriously
damaged by it.

Daniel H. Kent testified that on the thirteenth day of August,
1885, a little after dark in a rain, I was coming into the city with
Mr. Voshell and my driver and while driving at a jog trot between
the rails of the railroad on that part of the street, one of my
horses suddenly began to sink into the road, and then the other,
until both sunk together between the rails and the front wheels and
axle of the carriage with them up to the hubs of the wheels.   The
horses after struggling to extricate themselves from the position,
by holding them in by the rains, became quiet, and after no little
labor and effort were extricated from it.   Both of them and one in
particular, were seriously and permanently injured by the accident.
When it occurred they were worth a thousand dollars and I would
not have sold them for that unless in particular need of money;
they were not worth after it more than two hundred.   There had
been a heavy rain that afternoon.

Wm. H. Voshell and his driver confirmed the testimony of
the preceding witness.

The evidence on behalf of the defendant was to the effect that
the Water Department were laying a water drain across the street
at that place and dug a trench for that purpose about nine feet long
and about two feet and a half wide and four and a half to five
feet deep.   It was filled in with earth and covered over with
macadam ; the whole job was done and finished in a workmanlike
manner.

*Harry Emmons,* for the plaintiff : The city is liable for the
damage by reason of the negligence of its servants.   The city
ordinance requires contractors or builders who have permission,
among other things, to make excavations in the streets, to place
danger signals consisting of red lanterns at either end of the ex-
cavation during the night time, which clearly indicates a recogni-
tion on the part of the City Council of the prudence and propriety
and the necessity of such danger signals in such a case for the
protection of the public.

---

*Henry C. Turner*, for the defendant: If the accident was the result of the extraordinary rain that fell that afternoon and evening, the city was not liable for the injury.

COMEGYS, C. J., charged the jury: The duty of the city is to keep the streets of it in a good and safe passable condition. The degree of diligence required of the city in the case of such work as was done in filling up the trench cut on Fourth street in August, 1885, for the purpose of laying a water pipe, is such and no more, as that which a good business man would have shown under like circumstances, *Whar. on Neg.*, Sec., 48. The want of such diligence is ordinary negligence, Ibid., 49.

Verdict for plaintiff.